RECEIVED
USDC CLERK, CHARLESTON, SC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA    2007 OCT 24  A 10: 05

Patrick L. Booker, #297590,    )    C. A. No. 2:07-0456-HMH-RSC
                               )
            Plaintiff,         )
                               )
                               )
        -versus-              )    **REPORT AND RECOMMENDATION**
                               )
Crystal Richburg, Corrections )
Officer; B. Gregg, Corrections)
Officer; and Kendricks,        )
Corrections Officer, sued in  )
their individual capacity,     )
                               )
            Defendants.        )

This civil rights action under 42 U.S.C. § 1983[1] (West 1994

& Supp. 1998) by a state prisoner proceeding pro se and in forma

pauperis is before the undersigned United States Magistrate Judge

for a report and recommendation on the defendants' motion for

summary judgment.  28 U.S.C. § 636(b).

---

[1] Section 1983, titled a civil action for deprivation of
rights reads in relevant portion:

Every person who, under color of any statute, ordinance,
regulation, custom, or usage, of any State or Territory or the
District of Columbia, subjects, or causes to be subjected, any
citizen of the United States or other person within the
jurisdiction thereof to the deprivation of any rights,
privileges, or immunities secured by the Constitution and laws,
shall be liable to the party injured in an action at law, suit in
equity, or other proper proceeding for redress, except that in
any action brought against a judicial officer for an act or
omission taken in such officer's judicial capacity, injunctive
relief shall not be granted unless a declaratory decree was
violated or declaratory relief was unavailable.
42 U.S.C. § 1983.

1

The plaintiff, Patrick L. Booker, filed this action on February 14, 2007, against Crystal Richburg, Debra Gregg, and Officer Mike Kendricks, who were at all times pertinent to the complaint employed at Lee Correctional Institution, assigned to the Special Management Unit (SMU), where the plaintiff alleges that on July 7, 2005, he was not properly protected from assault by another inmate by these defendants.  Plaintiff sued all defendants in their individual capacities and seeks an award of damages.

On August 15, 2007, the defendants filed a motion for summary judgment along with various affidavits and exhibits.  On August 29, 2007, Plaintiff was provided a copy of the motion and attachments and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Plaintiff opposed the defendants' motion on October 1, 2007 with his own affidavit.  Hence, it appears consideration of the motions is appropriate.

## SUMMARY JUDGMENT STANDARD

Pursuant to Fed.R.Civ.P. 56(c), a district court must enter judgment against a party who, "after adequate time for discovery ... fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that

2

party will bear the burden of proof at trial." Celotex Corp. v.
Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986). Where
"there is no genuine issue as to any material fact and ... the
moving party is entitled to judgment as a matter of law," entry
of summary judgment is mandated. Fed.R.Civ.P. 56(c). To avoid
summary judgment on defendants' motion, a plaintiff must produce
evidence creating a genuine issue of material fact. "The mere
existence of a scintilla of evidence in support of the
plaintiff's position will be insufficient; there must be
evidence on which the jury could reasonably find for the
plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252,
106 S.Ct. 2505, 2512 (1986). In determining whether a genuine
issue of material fact is in dispute, "[t]he evidence of the
nonmovant is to be believed, and all justifiable inferences are
to be drawn in his favor." Anderson, Id. at 255, 106 S.Ct. at
2513-14.

### EIGHTH AMENDMENT LIABITY FOR FAILURE TO PROTECT

The Eighth Amendment's prohibition against "cruel and
unusual punishments" does not only restrain affirmative conduct,
such as prison officials' use of excessive force against
prisoners. See, e.g., Hudson v. McMillian, 503 U.S. 1, 112 S.Ct.
995 (1992). It also imposes a duty upon prison officials to
provide humane conditions of confinement and to "take reasonable
measures to guarantee the safety of the inmates." Farmer v.

3

Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 1976 (1994)
(quotation omitted).  In Farmer, the Supreme Court reiterated the
standards of liability for "failure to protect" cases:  "A prison
official's 'deliberate indifference' to a substantial risk of
serious harm to an inmate violates the Eighth Amendment."  Id. at
828, 114 S.Ct. at 1974.  Farmer clarified that "deliberate
indifference" requires a showing of the official's subjective
awareness of the risk:  "[A] prison official may be held liable
under the Eighth Amendment for denying humane conditions of
confinement only if he knows that inmates face a substantial risk
of serious harm and disregards that risk by failing to take
reasonable measures to abate it."  Id. at 847, 114 S.Ct. at 1984.
Although prison officials need not intend that a known risk will
actually harm an inmate, they must intentionally ignore this
known risk in order to be liable under the Eighth Amendment.
See, id. at 842, 114 S.Ct. at 1981-82.

Because the Eighth Amendment proscribes cruel and unusual
punishments, even a prison official's subjective awareness of a
substantial risk of harm, and an ensuing injury, without more is
insufficient to establish liability.  A prison official's duty
under the Eighth Amendment is not to provide complete safety; it
is to ensure "reasonable safety."  See, Farmer, 511 U.S. at 844,
114 S.Ct. at 1982-83; see also, Helling v. McKinney, 509 U.S. 25,
33, 113 S.Ct. 2475, 2480-81 (1993).

## FACTS

The relevant facts, either undisputed or according to the plaintiff, and taken in the light most favorable to the plaintiff as the non-moving party for purposes of the defendants' motion, are as follow.

At the time relevant to this complaint, Plaintiff was housed at Lee Correctional Institution, assigned to the Special Management Unit (SMU) for disciplinary detention. On July 7, 2005, the defendants handcuffed prisoners Randy Johnson, Jerome James, Jimmy Duncan behind their backs as well as the plaintiff and escorted them out of their cells to take them to the recreation cages for outdoor exercise. Johnson, James, and Duncan were housed in SMU because they were designated Level One Security Detention, a very restrictive security level.

When the defendants with their prisoners got to the recreational cages, defendants Kendrick and Gregg directed Johnson and James into one cage and defendant Richburg directed Plaintiff and Duncan into another cage. It is uncontested that this placement is inconsistent with SMU practice to separate prisoners during recreation.

After Plaintiff and Duncan were inside, Richburg locked the cage with a padlock and removed the handcuffs from Duncan. Duncan immediately went for the plaintiff and struck the plaintiff in the head, face and stomach areas which caused the

5

plaintiff to lose his balance and fall backwards onto the concrete floor.  Plaintiff struck his head on the floor and injured his back when he fell on his own handcuffs.  Duncan kicked Plaintiff, straddled him, and hit him on the head and face.

Immediately Kendrick and Richburg got into the cage, administered chemical munitions, separated the prisoners, and stopped the assault.  The total elapsed time of the entire incident was no more than one minute.  Shortly thereafter, Plaintiff was escorted to medical.  The nurse's notes show that she found a "2" abrasion noted to L elbow. 1/8" abrasion to R elbow. 1/8" laceration noted to R thumb. Small abrasion to R 3rd and 5th knuckle and to L wrist."  (Def. Ex. #1, medical records of Booker, Patrick Lee, #297590, encounter 58, dated 07/07/05, page 18).  One week later the plaintiff complained that his back had been injured during the incident with Duncan.  On July 15, 2005, the plaintiff complained of pain to his back, and a nurse found, "no erythema or swelling to the area."  Id. encounter 60, 07/15/05, page 17 - 18.  After the plaintiff's transfer to McCormick Correctional Institution, medical personnel found "... no neuro deficits, no edema, discoloration, deformities or bruising noted. No muscle spasms present..."  Id., encounter 62 dated 07/27/05, page 17.  After several complaints about pain to his back, the plaintiff was referred to a radiologist, who took

6

an x-ray of his lumbar spine which revealed "...lumbar vertebral bodies are in good alignment.  There is no evidence of fracture or subluxation."  Def. Ex. 1, page 75.  The doctor's impression was that the plaintiff had a "normal lumbar spine."  Id.  Thereafter, the plaintiff complained of back pain on one other occasion,
when it was noted that there were "...no neuro deficits noted, no trauma.  Seen by Dr. Lewis for same problem received Phenelgesic and Robaxin ... Stable.  No deformities edema or discoloration noted. Ambulating well."  Id., encounter 74, dated 10/31/05, page 13.

Although the defendants were aware of Duncan's security classification, there is no evidence of a specific risk of harm by Duncan of which the defendants were aware.  Further, Richburg and Gregg affied that they thought Duncan and the plaintiff were known to be friendly.  In any event, it is undisputed that as soon as Duncan attacked the plaintiff, the defendants successfully stopped the attack and protected the plaintiff.

## DISCUSSION

In order to proceed with this claim, Plaintiff must present sufficient evidence to create a genuine issue of fact as to whether a named defendant had actual knowledge of a substantial risk of harm to him by Duncan, and was deliberately indifferent to that substantial known risk.  See generally, Farmer v.

Brennen, 511 U.S. 825, 114 S.Ct. 1970, 1978-1979 (1994); Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321 (1991); Bagola v. Kindt, 131 F.3d 632, 646 (7th Cir. 1997). To show deliberate indifference, Plaintiff must present evidence to show that "the officials act[ed] with a sufficiently culpable state of mind." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir.), cert. denied, 510 U.S. 949, 114 S.Ct. 393 (1993), quoting Wilson v. Seiter, 501 U.S. at 298.

Here, no evidence of actual knowledge of a substantial risk of harm to the Plaintiff, and a deliberate indifference to that substantial risk, has been shown on the part of Richburg or any other defendant named in this case. The most that can be said from the facts presented is that Defendant Richberg may have been negligent by placing the plaintiff and Duncan in the same recreational cage rather than segregating them. Any such claim would have to be presented in state court, as negligence is not actionable under § 1983. See, Daniels v. Willaimson, 474 U.S. 327, 340-41 (1986); Davidson v. Cannon, 474 U.S. 348 (1986).

The only issue before this Court is whether Plaintiff has submitted sufficient evidence to show that his claim rises to the level of a constitutional violation. He has failed to do so, and therefore his claim should be dismissed.

As an alternate ground for dismissal, it appears that, based upon the foregoing, the defendants are also entitled to qualified

8

immunity from suit as discussed in <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 815-816 (1982) and its progeny.

## CONCLUSION

It appears that Plaintiff, as the party opposing summary judgment, has failed to point to facts evidencing a genuine material issue for trial. Fed.R.Civ.P. 56(c); <u>see also</u>, <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 252, 106 S.Ct. 2505 (1986). Accordingly, it is recommended that summary judgment should be granted. It is also recommended that all other outstanding motions should denied as moot.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

October **23**, 2007

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985).