IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Patrick L. Booker, #297590, ) | |
| ) | C.A. No. 2:07-456-HMH-RSC |
| Plaintiff, ) | |
| ) | **OPINION & ORDER** |
| vs. ) | |
| ) | |
| Crystal Richburg, Corrections Officer; ) | |
| B. Gregg, Corrections Officer; and ) | |
| NFN Kendricks, Corrections Officer, ) | |
| sued in their individual capacity, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Robert S. Carr, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1]  Patrick L. Booker ("Booker"), a state prisoner proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983 alleging that the Defendants were deliberately indifferent to a substantial risk of harm to Booker.  Further, Booker alleges that as a result of the Defendants' deliberate indifference, Booker was assaulted by another inmate.  Magistrate Judge Carr recommends granting the Defendants' motion for summary judgment.  Booker filed objections to the Report and Recommendation.

Objections to the Report and Recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1) (2006).

1

review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

After review, the court finds that the majority of Booker's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean one specific objection.

Booker alleges that there is evidence of actual risk of harm to Booker because Duncan was a level one security designation, which indicates that Duncan was dangerous. (Objections, generally.) However, this objection is without merit. "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 828 (1994). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." Id. at 834.

In order to prove an Eighth Amendment violation for deliberate indifference to an inmate's security needs, a plaintiff must meet two requirements. "First, the deprivation alleged must be, objectively, sufficiently serious." Id. (internal quotation marks omitted). In this case, the "inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Id. Second, a prison official must have a "sufficiently culpable state of mind." Id. (internal quotation marks omitted). "A prison official is deliberately indifferent if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. "[A]n official's

2

failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." Id. at 838.

When the incident occurred, Booker was housed at Lee Correctional Institute in the special management unit ("SMU") because of a disciplinary detention. On July 7, 2005, Booker along with Randy Johnson, Jerome James, and Jimmy Duncan ("Duncan") were transported to the recreational area in SMU for outdoor exercise. Booker and Duncan were placed in the same recreational cage. (Defs.' Mem. Supp. Summ. J. 2.) Upon placement in the cage, Duncan attacked Booker. Kendricks and Crystal Richburg ("Richburg") immediately intervened and stopped the attack. (Richburg Aff. ¶¶ 5-6; Gregg Aff. ¶¶ 4-6. ) Duncan was designated a level one security designation, which is very restrictive. Further, prisoners in SMU are supposed to be placed in separate recreational cages. However, the Defendants were unaware of any specific risk that Duncan posed to Booker. Further, Richburg believed Booker and Duncan were friends. (Richburg Aff. ¶ 7.) The fact that Duncan was a level one security designation does not indicate that the Defendants were aware that Duncan posed a substantial risk of harm to Booker. Further, there is no evidence that the Defendants were aware that Duncan posed a substantial risk of harm to Booker. Therefore, Booker's deliberate indifference claim fails. Further, the Defendants are entitled to the defense of qualified immunity. Based on the foregoing, the court adopts the Magistrate Judge's Report and Recommendation.

Therefore, it is

**ORDERED** that the Defendants' motion for summary judgment, document number 17, is granted. It is further

**ORDERED** that Booker's motion to compel, document number 16, is denied as moot.

**IT IS SO ORDERED**.

                                        s/Henry M. Herlong, Jr.
                                        United States District Judge

Greenville, South Carolina
November 19, 2007

**NOTICE OF RIGHT TO APPEAL**

The Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.